**Robert J. HICKEY, Plaintiff,**

v.

**Charlene SCOTT, Defendant.**

**Civil Action No. 07-1866 (JDB)**

United States District Court,
District of Columbia.

Signed June 30, 2011

Kevin Patrick Farrell, Laura Nachowitz Steel, Wilson Elser Moskowitz Edelman & Dicker, LLP, Washington, DC, Robert J. Hickey, Law Offices of Robert J. Hickey, Bethesda, MD, for Plaintiff.

Omar Vincent Melehy, Melehy & Associates LLC, Michael K. Amster, Zipin, Amster & Greenberg, LLC, Silver Spring, MD, for Defendant.

### ORDER

JOHN D. BATES, United States District Judge

Plaintiff Robert J. Hickey ("Hickey") brings this suit against defendant Charlene Scott ("Scott") for breach of contract, alleging that Scott failed to pay him the attorneys' fees to which he was entitled after he successfully represented her in a sexual harassment suit before the Equal Employment Opportunity Commission ("EEOC"). Scott has counterclaimed, arguing that Hickey committed legal malpractice and breached his fiduciary duties by

engaging in unreasonable billing practices. Presently before the Court is [137] Hickey's motion to strike Scott's request for punitive damages in connection with her two counterclaims.

In his motion, Hickey claims that Scott should be precluded from submitting the issue of punitive damages to the jury because Scott has presented no evidence "from which a jury reasonably could find the required malicious intent or willful disregard of another's rights" necessary to sustain an award of punitive damages. See Pl.'s Mot. to Strike at 3 [Docket Entry 137] (quoting Croley v. Republican Nat'l Comm., 759 A.2d 682, 695 (D.C.2000) (internal quotation marks and citations omitted)). Scott counters that "[d]isposing of a claim for punitive damages is inappropriate at the motion *in limine* stage," see Def.'s Opp. to Pl.'s Mot. to Strike ("Def.'s Opp.") [Docket Entry 147] at 4, and that the issue of whether she is entitled to punitive damages is a question of fact that should be decided by the jury, or at least not decided by the Court until after she has been given the opportunity to present her case-in-chief at trial, see id. at 9. According to Scott, "[a] reasonable fact finder could conclude that Hickey acted intentionally, willfully and in reckless disregard of his fiduciary duties to Scott," thereby entitling her to an award of punitive damages on her counterclaims. See id. at 5.

■ In the District of Columbia, "[t]he test for punitive damages . . . is a rigorous one." Rosenthal v. Sonnenschein Nath & Rosenthal, LLP, 985 A.2d 443, 455 (D.C.2009). Punitive damages may only be awarded "in cases of outrageous or egregious wrongdoing where the defendant has acted with evil motive, actual malice, or in willful disregard for the rights of the plaintiff." Id. (quoting District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 725 (D.C. 2003)). The party seeking punitive dam-

ages—Scott in this case—bears the burden of proving "egregious conduct and the requisite mental state by clear and convincing evidence." Id. Moreover, "[t]he determination of whether there is a sufficient legal foundation for the award of punitive damages lies with the trial court." See Mark Keshishian & Sons, Inc. v. Washington Square, Inc., 414 A.2d 834, 842–43 (D.C. 1980). In other words, a trial court should only allow the issue of punitive damages to be submitted to the jury if there is a "sufficient legal foundation" for such damages—i.e., if a jury reasonably could find the requisite malicious intent or willful disregard of another's rights needed to sustain such an award. See, e.g., Croley, 759 A.2d at 695.

Here, Scott has requested $500,000.00 in punitive damages in connection with her two counterclaims against Hickey, in which she alleges that he committed legal malpractice (or "professional negligence") and breached his fiduciary duties by (1) failing to petition for attorneys' fees using Laffey rates; (2) submitting bills for services that were not actually rendered; (3) spending an inordinate amount of time completing unnecessary tasks; (4) failing to provide descriptions of services rendered in his monthly bills; and (5) violating D.C. Rule of Professional Conduct 1.5, which governs the reasonableness of attorneys' fees. See Second Am. Compl. [Docket Entry 34] ¶¶ 48-52, 54, 58-59; see also Joint Pretrial Statement [Docket Entry 117] at 21. Scott further asserts that in breaching his duty of care, Hickey "acted with malice, intent, knowledge and reckless indifference." Second Am. Compl. ¶¶ 54, 59.

■ In order to submit the issue of punitive damages to the jury, Scott will need to do more than simply aver that Hickey acted with "malice" or "reckless indifference"; she will need to set forth evidence such that a jury could reasonably

find that Hickey committed "a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the [her] rights, or other circumstances tending to aggravate the injury." See Dalo v. Kivitz, 596 A.2d 35, 40 (D.C.1991) (internal quotation marks and citations omitted); Zanville v. Darza, 561 A.2d 1000, 1002 (D.C.1989) (explaining that "punitive damages are appropriately reserved only for tortious acts which are replete with actual malice"). To date, Scott's allegations with respect to Hickey's billing practices have fallen "far short of showing the blatant wrongdoing necessary for a jury to infer that he acted either with deliberate malice or conscious disregard of his clients' rights." See Hendry v. Pelland, 73 F.3d 397, 400 (D.C.Cir.1996) (affirming district court's finding that "a reasonable jury could not have awarded punitive damages on the basis of the evidence presented at trial" where plaintiffs' allegations at most suggested that attorney had acted "imprudently or incompetently," rather than with malice or wantonness). If Scott offers no new proof at trial with respect to Hickey's alleged "willful disregard of her rights," and instead only proffers evidence tending to show that Hickey may have been negligent in his billing practices, the Court will not permit the jury to consider the issue of punitive damages. The Court has serious doubt whether Scott will be able to meet her burden in this regard.

█ Nevertheless, because "[t]here is some support in District of Columbia law for the notion that punitive damages can be awarded for a breach of fiduciary duty," Fireman's Fund Ins. Co. v. CTIA, 480 F.Supp.2d 7, 14 (D.D.C.2007) (citing Wagman v. Lee, 457 A.2d 401, 404 (D.C.1983)), the Court finds that the decision on the issue of punitive damages should be deferred at least until after the presentation of Scott's case-in-chief on her breach of fiduciary duty claim, see, e.g., Gray v. Armstrong World Indus., Civ. A. No. 88–2509, 1990 WL 371764, at *2 (D.D.C. Feb. 22, 1990) (denying "defendant's request for a pre-trial ruling regarding a motion *in limine* to exclude evidence of punitive damages" on the ground that "[s]uch motions are more appropriately made at the close of plaintiff's case-in-chief"). But the parties are cautioned that a serious review of this issue will be undertaken by the Court at that point before allowing a punitive damages claim to proceed further.

Accordingly, Hickey's motion to strike Scott's claim for punitive damages is **DENIED WITHOUT PREJUDICE** to Hickey reasserting a motion for judgment as a matter of law on Scott's claim for punitive damages at the conclusion of Scott's case-in-chief.

**SO ORDERED.**